Winston M. HOLLOWAY *v.* STATE of Arkansas

CR 79-186                                        632 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*James DePriest, Atty.,* and *Chris Biggs,* Student Counsel, Kansas Defender Project, for petitioner.

*Steve Clark,* Atty. Gen., for respondent.

PER CURIAM. Petitioner Winston M. Holloway was convicted by a jury of two counts of rape, one count of robbery and three counts of employing a firearm in the commission of a felony. He was sentenced to life plus 116 years imprisonment in the Arkansas Department of Correction. We affirmed. *Holloway* v. *State,* 268 Ark. 24, 594 S.W.2d 2 (1980). Petitioner has now filed a motion seeking permission to file an untimely petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. The motion is denied.

Rule 37.2 (c) provides in pertinent part:

> A petition claiming relief under this rule must be filed . . . within three (3) years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void.

A second year law student, who is part of the Kansas Defender Project at the University of Kansas School of Law, has attached an affidavit to the motion in which he states that the Rule 37 petition was not timely tendered because of his miscalculations. In effect, he asserts that he was acting as informal counsel to petitioner and that petitioner should not be deprived of an opportunity to present his grounds for

relief under Rule 37 merely because his representation was inadequate. The law student's advice may have been erroneous, but it does not amount to ineffective assistance of counsel within the purview of Rule 37. The student is not a licensed attorney. There is no evidence that petitioner retained the Kansas Defender Project as his counsel or that the defender project was appointed by a court to represent the petitioner. The petitioner cites no authority that the constitutional right to effective assistance of counsel attaches to postconviction proceedings. The law student's miscalculation is therefore no different than if the miscalculation had been made by the petitioner acting pro se.

As provided in Rule 37.2 (c) *supra,* petitioner's grounds for relief may be considered, however, even though the petition was not filed within three years if a ground for relief in the petition would render the judgment of conviction absolutely void. Petitioner asserts that (1) his right to due process of law was denied because he received a more severe sentence on retrial and that his attorney was ineffective in not raising the issue on appeal; (2) his right to confront witnesses was denied when the testimony of Dr. Frueh from the petitioner's first trial was introduced; and (3) his right to due process was denied by extensive pre-trial publicity. None of the allegations is sufficient to render the judgment of conviction void under Rule 37.2 (c). Moreover, with the exception of the claim of ineffective assistance of counsel, the grounds were either raised on direct appeal or could have been so raised. Rule 37 was not intended to permit the petitioner to again present questions raised on direct appeal or to permit questions which could have been raised on appeal to be presented for the first time. *Hulsey* v. *State,* 268 Ark. 312, 595 S.W.2d 934, *reh. denied,* 268 Ark. 315, 599 S.W.2d 729 (1980).

Judgments in criminal cases must have stability and finality. Questions exhausted according to the controlling rules of procedure cannot continue to be raised in proceeding after proceeding. *Rose* v. *Lundy,* ___ U.S. ___, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Otherwise, judgments could never be carried into effect. See also, *Hulsey* v. *State,* supra.

Motions denied.